ams

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   Case No.  99-40065-01-DES |
| | )                  04-3249-JAR |
| SHAWNTANE C. JOHNSON, | ) |
| | ) |
| Defendant/Petitioner. | ) |
| | ) |

### <u>MEMORANDUM AND ORDER DENYING MOTION UNDER 28 U.S.C. § 2255</u>

Defendant/petitioner Shawntane C. Johnson filed a "Motion Pursuit [sic] to Title 28 section 2255 For Relief From an Unconstitutional Sentence Imposed by the Court." (Doc. 55.) Petitioner argues that the sentence should be vacated in light of the Supreme Court's decision in *Blakely v. Washington*,[1] which struck down Washington's state sentencing scheme as violative of the Sixth Amendment right to a jury trial. Petitioner maintains that the Federal Sentencing Guidelines (Guidelines) are similarly violative of the Sixth Amendment, and therefore his sentence is unconstitutional. The Government argues that *Blakely* does not apply retroactively to cases on collateral review. (Doc. 57.)

After petitioner filed this motion, the Supreme Court decided *United States v. Booker*,[2] which struck down the mandatory nature of the Federal Sentencing Guidelines as incompatible with the Sixth

---

[1]  542 U.S.__, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004).

[2]  543 U.S. __,125 S. Ct. 738 , 2005 WL 50108 (2005).

Amendment.  Consistent with the Supreme Court's guidance in *Blakely* and *Booker*, this Court denies

petitioner's motion because neither *Blakely* nor *Booker* is retroactive to federal criminal cases that

became final before the *Booker* decision was handed down on January 12, 2005.

## I.  Procedural Background

On March 8, 2000, petitioner pled guilty to one count of a two-count Indictment charging him

with possession with intent to distribute in excess of five grams of cocaine base.  After all adjustments

were made pursuant to the Sentencing Guidelines, Judge Dale E. Saffels sentenced petitioner[3] based on

a total offense level of 25 and a criminal history category of V.  (Doc. 52, at 7.)  The Court sentenced

petitioner to 100 months of imprisonment, a sentence at the low end of the guideline range of 100 to

125 months, and less than the statutory maximum of 20 years.[4]  Petitioner did not file a direct appeal of

his sentence.

## II.  Analysis

Petitioner argues that his sentence is unconstitutional, citing *Blakely v. Washington*.  *Blakely*

represents an extension of the rule originally announced in *Apprendi v. New Jersey*, where the Court

held, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond

the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable

---

[3]  This matter has been assigned to the undersigned Judge, because the Honorable Dale E. Saffels, who sentenced Davis, is now deceased.

[4]  18 U.S.C. § 841(b)(1).

doubt."[5]   In *Blakely*, the Court applied the rule and explained that the

statutory maximum under *Apprendi* "is the maximum sentence a judge may impose *solely on the basis*

*of the facts reflected in the jury verdict or admitted by the defendant*,"[6] which is not necessarily the

same as the maximum punishment possible under statute.[7]   On this basis, the Court struck down the

Washington state sentencing scheme.

In the wake of *Blakely*, courts have grappled with the issue of whether the Federal Sentencing

Guidelines were also unconstitutional since they required sentencing judges to make factual findings in a

fashion similar to that under the Washington scheme.[8]   The Supreme Court resolved this issue in *United*

*States v. Booker*.[9]   In two separate majority opinions, the Court decided first, that the mandatory

nature of the Guidelines violate the Sixth Amendment for the same reasons that the Washington state

scheme did in *Blakely*.[10]   Second, the Court decided that the appropriate remedy for this constitutional

infirmity is to excise the provision from the Sentencing Reform Act that requires district courts to apply

the Guidelines.[11]   Instead, the Court deemed the Guidelines advisory and explained that sentencing

---

[5]   530 U.S. 466, 490, 120 S. Ct. 2348, 2362-63, 147 L. Ed. 2d 435 (2000).

[6]   *Blakely*, 124 S. Ct. at 2537 (emphasis in original).

[7]   *Blakely*, 124 S. Ct. at 2538.

[8]   *See Blakely*, 124 S. Ct. at 2548-50 (O'Connor, J., dissenting).

[9]   543 U.S. __,125 S. Ct. 738 , 2005 WL 50108 (2005).

[10]   *Booker*, 125 S. Ct. at 745 (Stevens, J.).

[11]   *Booker*, 125 S. Ct. at 756 (Breyer, J.).

courts must now consider the sentencing goals as set forth in 18 U.S.C. § 3553(a).[12]  The applicable

standard of review under the new sentencing landscape is the reasonableness of the sentence.[13]

Because this is a collateral attack on a final sentence, the Court must first determine if the rule

announced in *Booker* may retroactively apply to this petitioner.  While the Supreme Court did state:

"we must apply today's holdings–both the Sixth Amendment holding and our remedial interpretation of

the Sentencing Act–to all cases on direct review;"[14] the Supreme Court did not state whether its holding

applied to cases on collateral review.  The Tenth Circuit has not yet published a decision on whether

*Booker* should apply retroactively to cases on collateral review.

In *Schriro v. Summerlin*, the Supreme Court spoke to the issue of retroactivity just prior to

deciding *Blakely*.  The Court restated the precept that new rules announced by the Court only apply to

criminal convictions that are final, in limited circumstances.[15]  Generally, new substantive rules will apply

retroactively while new procedural rules will not.[16]  However, a small number of procedural rules are

given retroactive effect if they are "watershed rules of criminal procedure implicating the fundamental

fairness and accuracy of the criminal proceeding."[17]  The Supreme Court has described such a rule as

one "without which the likelihood of an accurate conviction is *seriously* diminished.  This class of rules

---

[12]  *Id.* at 764.

[13]  *Id.* at 765.

[14]  *Booker*, 125 S. Ct. at 769 (citing *Griffith v. Kentucky*, 479 U.S. 314, 328 (1987)).

[15]  *Schriro v. Summerlin*, 542 U.S. __, 124 S. Ct. 2519, 2522, 159 L. Ed. 2d 442 (2004).

[16]  *Id.*

[17]  *Summerlin*, 124 S. Ct. at 2523 (internal quotations omitted); *Teague v. Lane*, 489 U.S. 288, 312-13,109 S. Ct. 1257, 1060, 103 L. Ed. 2d 334 (1989).

is extremely narrow, and it is unlikely that any . . . ha[s] yet to emerge."[18]

This Court finds that the rule announced in *Booker* is procedural because it only "regulate[s] the *manner of determining* the defendant's culpability."[19]  In *Summerlin*, the Supreme Court refused to retroactively apply *Ring v. Arizona*[20] to collateral cases.  *Ring* held that a sentencing judge could not find an aggravating circumstance necessary for imposition of the death penalty because the Sixth Amendment requires such a factor to be found by a jury.[21]  This Court finds that the *Summerlin* rationale applies with equal force to the rule announced in *Booker*.  "Rules that allocate decisionmaking authority in this fashion are prototypical procedural rules."[22]  As was the case in *Ring*, *Booker* is primarily concerned with the identity of the decisionmaker and the burden of proof required to determine a given sentence.  The decision does not determine what type of primary conduct is lawful or unlawful.

Furthermore, the Court finds that *Booker* does not constitute one of those rare "watershed rules of criminal procedure" that could be applied retroactively to cases on collateral review.  In order to constitute such a rule, it must "so 'seriously diminish' accuracy that there is an 'impermissibly large

---

[18]  *Summerlin*, 124 S. Ct. at 2523 (internal quotations omitted) (emphasis in original).

[19]  *Id.* (citing *Bousley v. United States*, 523 U.S. 614, 620-21, 118 S. Ct. 1604, 140 L. Ed. 2d 828 (1998)) (emphasis in original).

[20]  *Ring v. Arizona*, 536 U.S. 584, 122 S. Ct. 2428, 153 L. Ed. 2d 556 (2002).

[21]  *Summerlin*, 124 S. Ct. at 2526 (discussing *Ring v. Arizona*).

[22]  *Summerlin*, 124 S. Ct. 2523 (collecting cases where the Court has reached the same conclusion in other contexts).

risk' of punishing conduct the law does not reach."[23]  In *Summerlin*, the Supreme Court found the

evidence overwhelmingly did not support such a conclusion about jury factfinding.

Prior to *Booker*, the Tenth Circuit held that *Blakely* did not apply to cases on collateral

review.[24]   In an unpublished decision, the Tenth Circuit recently denied certification for a successive

section 2255 motion because "the rule announced in *Booker* is not retroactive," therefore it did not

satisfy the requirements for a valid successive motion.[25]  Other circuits have similarly held that *Booker*

does not apply to cases on collateral review.[26]  This Court agrees with the reasoning of the Seventh

Circuit in *United States v. McReynolds*, which followed *Summerlin* in concluding that *Booker* does

not apply to cases on collateral review.[27]  Because *Blakely* reserved judgment on the constitutionality

of the Guidelines,[28] *Booker* constitutes the new rule on the Guidelines that petitioner seeks to have

applied to his case.  Because the Supreme Court filed its decision in *Booker* on January 12, 2005, that

---

[23]  124 S. Ct. at 2525 (quoting *Teague v. Lane*, 489 U.S. 288, 312-13,109 S. Ct. 1257, 1060, 103 L. Ed. 2d 334 (1989) (quoting *Desist v. United States*, 394, U.S. 244, 262, 89 S. Ct. 1030, 22 L. Ed. 2d 248 (1969))).

[24]  *Leonard v. United States*, 383 F.3d 1146, 1147-48 (10th Cir. 2004); *United States v. Price*, No. 04-7058, 2004 WL 2905381, *4 -5 (10th Cir. Dec. 16, 2004); *cf. United States v. Leonard*, No. 04-6197, 2005 WL 139183, *2 (10th Cir. Jan. 24, 2005) ("New rules of criminal procedure, however, are applied retroactively only to cases pending on direct review or cases that are not yet final. . . . Thus, *Blakely*, as well as the Supreme Court's more recent decision in *United States v. Booker* . . . have no applicability to Leonard's sentence.").

[25]  *United States v. Lucero*, No. 04-2131, 2005 WL 388731, at *2 (10th Cir. Feb. 18, 2005).

[26]  *McReynolds v. United States*, __F.3d__, Nos. 04-2520, 04-2632, 2844, 2005 WL 237642 (7th Cir. Feb. 2, 2005) *Green v. United States*, __F.3d.__, No. 04-6564, 2005 WL 237204, *1 (2d Cir. Feb. 2, 2005); In re *Anderson*, __F.3d__, No. 05-10045-F, 2005 WL 123923, *3 (11th Cir. Jan. 21, 2005).

[27]  *McReynolds*, 2005 WL 237642, at *2.

[28]  *Blakely*, 124 S. Ct. at 2538 n.9 ("The Federal Guidelines are not before us, and we express no opinion on them.").

is "the appropriate dividing line."[29]

Petitioner's only argument in his motion to vacate is that his sentence is unconstitutional based on *Blakely*. The Court finds that the rule explained in *Blakely* may only apply to the petitioner vis-a-vis *Booker*, which for the first time applied *Apprendi* and *Blakely* to the Federal Sentencing Guidelines. Because the Court finds that this new procedural rule is not a watershed rule of criminal procedure, and because petitioner's sentence was final on June 20, 2000, the rule announced in *Booker* does not apply.[30]

**IT IS THEREFORE ORDERED BY THE COURT** that the Motion to Vacate Sentence Pursuant to 28 U.S.C. § 2255 (Doc. 52) is **DENIED**.

IT IS SO ORDERED.

Dated this 28th    day of February 2005.

S/ Julie A. Robinson
**JULIE A. ROBINSON**
**UNITED STATES DISTRICT JUDGE**

---

[29]  *McReynolds*, 2005 WL 237642, at *2.

[30]  *See* 28 U.S.C. § 2255(1), (3).